# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:18 CR 00145 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Delamar Williams, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

## Introduction

This matter is before the Court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 66). For the following reasons, this Court DENIES the motion.

## Facts

On October 16, 2018, Defendant pled guilty to a three-count indictment: Count One, Possession with the Intent to Distribute Heroin and Carfentanil, 21 U.S.C. §§ 841(a)(1), (b)(1)(B); Count Two, Possession of a Firearm by Convicted Felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2); and Count Three, Possession of a Firearm During and in Furtherance of a Drug

1

Trafficking Crime, 18 U.S.C. § 924(c)(1)(A). Defendant was sentenced to 151 months on Counts One and Two to run concurrently and sentenced to 60 months on Count 3 to run consecutively to Counts One and Two, for a total sentence of 211 months.

Defendant appealed his convictions and sentence. The Sixth Circuit affirmed Defendant's convictions but remanded for resentencing on Count Two because the sentence exceeded the statutory maximum. On July 10, 2020, Defendant was resentenced on Count Two to 120 months. Defendant's total sentence remained 211 months. Defendant did not appeal. Now pending before the Court is Defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

2

**Discussion**

Defendant, proceeding pro se, sets forth four claims for relief: (1) he did not receive effective assistance of counsel; (2) he did not enter a knowing and voluntary plea; (3) the pre-sentence investigation in his case "contained erroneous untrue information;" and (4) he is entitled to be resentenced. In the "supporting facts" section for each claim for relief, Defendant states that the facts "will be expanded And Briefed upon Receipt of Appointed Counsel" (sic). A handwritten note filed with the motion asks this Court to appoint counsel. (Doc. 66–2 at 303). He does not request an evidentiary hearing.

### (1) Defendant's Request for Counsel

Defendants do not have a constitutional right to counsel in § 2255 proceedings. *See United States v. Mohammad*, 2019 U.S. Dist. LEXIS 108178, at *25 (N.D. Ohio, June 27, 2019) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Courts must appoint counsel only "if an evidentiary hearing is required to resolve a petitioner's claims." *United States v. Connor*, 2018 U.S. Dist. LEXIS 17257, at * 2 (E.D. Mich., Feb. 2, 2018). Usually, the burden to obtain an evidentiary hearing is "relatively light." *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). "A district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of facts.'" *MacLloyd v. United States*, 684 Fed. App'x 555, 559 (6th Cir. 2017) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). If a petition is conclusory, an evidentiary hearing is not required. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (citing *Reams v. Davis*, 333 F.2d 430, 431 (6th Cir. 1964); *O'Malley v. United States*, 285 F.2d 733, 734 (6th Cir. 1961)).

3

Here, because Defendant's claims for relief contain bare conclusions of law, this Court finds that Defendant is not entitled to an evidentiary hearing on this § 2255 motion.

If no evidentiary hearing is required, courts in § 2255 cases have discretion to appoint counsel based on whether the interests of justice or due process require it. 18 U.S.C. § 3006A(a)(2)(B). Courts consider factors such as "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004). Courts also consider the written quality of the § 2255 motion or other writings and whether defendant represents that he "suffers from mental or physical disabilities that would limit his ability to file a § 2255 motion." *See United States v. Schroeder*, 2019 WL 134004, at * 2 (M.D. Tenn., Jan. 8, 2019).

This Court cannot determine the viability or frivolity of Defendant's claims, nor can it determine the complexity of Defendant's case, because Defendant did not provide a factual basis for any of his claims. Defendant has not represented that he suffers from any disability affecting his capacity to present his own motion. To the contrary, this Court finds that Defendant's § 2255 motion is sufficiently well-written to conclude that Defendant could have presented his own case. Thus, this Court DENIES Defendant's request for counsel.

**(2) Merits**

A § 2255 motion "must . . . state the facts supporting each ground . . . ." Rule 2(b) of the Rules Governing Section 2255 Proceedings. Conclusory statements alone do not support claims for relief under § 2255 and summary dismissal is warranted where petitioners fail to provide factual support for their claims. *See, e.g.*, *Robinson v. United States*, 582 F. Supp. 2d 919, 926 (N.D. Ohio 2008) (collecting cases).

As discussed above, Defendant's motion states four conclusory claims for relief with no supporting facts. Therefore, this Court DENIES the § 2255 motion.

**Conclusion**

For the foregoing reasons, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C.  2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 10/26/21

5